UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                  No. 16-20644

v                                         HON. MARK A. GOLDSMITH

JON BURNS,

      Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION TO VACATE SENTENCE (Dkt. 49)**

Before this Court is Defendant Jon Burns's motion to vacate his sentence under 28 U.S.C. § 2255 (Dkt. 49).[1] For the reasons that follow, the Court denies Burns's motion.[2]

## I. BACKGROUND

In 2017, Burns pled guilty to possession of a stolen firearm in violation of 18 U.S.C. § 922(j). See 1/26/17 Rule 11 Plea Agreement (Dkt. 23). More than four years later, Burns filed a § 2255 motion to vacate his sentence on the grounds that he was not informed of the knowledge requirement of the offense, citing Rehaif v. United States, 139 S. Ct. 2191 (2019). Burns's motion must be denied for two reasons. First, Rehaif does not apply to offenses under § 922(j). Second, the record shows that Burns was informed of the relevant knowledge requirement of § 922(j), and

---

[1] Burns titled his filing a "Petition for Relief" but the Court refers to it as a "motion to vacate sentence" because this is the language used by 28 U.S.C. § 2255, the authority under which Burns seeks relief.

[2] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motion, the briefing includes the Government's response (Dkt. 52).

that this requirement was met because Burns knew or had reason to know that the firearm had been stolen.

## II. ANALYSIS

Burns pled guilty to possession of a stolen firearm under § 922(j). In Rehaif, the United States Supreme Court considered the knowledge requirement of a different offense—being a felon in possession of a firearm under § 922(g). See Rehaif, 139 S. Ct. at 2194. The Supreme Court held that, as a matter of statutory interpretation, the term "knowingly" in § 922(g)(1) applies to both the defendant's possession of a firearm and the defendant's knowledge of his status as a felon. See Rehaif, 139 S. Ct. at 2196. Prior to Rehaif, § 922(g)(1) did not require a showing that the defendant knew of his prohibited status. See Khamisi-El v. United States, 800 F. App'x 344, 349 (6th Cir. 2020). Burns contends that this holding should apply to offenses under § 922(j) as well, requiring the defendant's knowledge that the firearm was stolen. See Mot. at 2. He argues that "structural error was committed during his trial proceedings" because he was not informed of this knowledge requirement. Id. at 1. But the Supreme Court's holding in Rehaif is no help to Burns because it is expressly limited to offenses under § 922(g). Rehaif, 139 S. Ct. at 2200.

Further, the record shows that Burns was aware of and satisfied the knowledge requirement that is required by § 922(j). The plea agreement Burns signed clearly states the required elements of an offense under § 922(j). See Rule 11 Plea Agreement at PageID.52. These elements are: (1) The defendant knowingly possessed a stolen firearm; (2) which had been shipped or transported from one state to another, which constituted interstate and/or foreign commerce; and (3) <u>the defendant knew or had reasonable cause to believe that the firearm had been stolen</u>. Id. (emphasis added). In addition to listing the elements of the offense, the factual basis section of the plea

2

agreement stated that "Defendant had reason to believe that the firearm was stolen." Id. at PageID.53.

Burns signed the plea agreement, acknowledging "that he has read (or been read) [the] entire document, understands it, and agrees to its terms" and that he "had a full and complete opportunity to confer with his lawyer, and had all of his questions answered by his lawyer." Id. at PageID. 61. Burns was also asked by the Court during his plea hearing whether it was true that he had reason to believe that the firearm was stolen. See 1/25/21 Guilty Plea Hr'g. Tr. at PageID.274–275. Burns replied, "Yes." Id. at PageID.275. Burns cannot argue now that he was unaware of the knowledge requirement, or that the requirement was not met.

### III. CONCLUSION

For the reasons explained above, the Court denies Burns's motion to vacate (Dkt. 49).

SO ORDERED.

Dated: February 2, 2024　　　　　　　　　　s/Mark A. Goldsmith
　　Detroit, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　United States District Judge